HENRY MOORE *vs.* FITCHBURG RAILROAD CORPORATION & another.

A corporation may be sued for an assault and battery committed by their servant acting under their authority.

If an action is brought against a railroad corporation and their conductor jointly, for an assault committed by the latter in putting a passenger out of their cars; and a verdict is returned against the corporation, and in favor of the conductor; the joinder of the defendants is no ground of exception by the corporation.

In an action brought against a railroad corporation by a passenger forcibly put out of the cars by their conductor for not paying his fare, which he has in fact paid, it is no ground for exception by them that the jury were instructed, that if the conductor removed the plaintiff in the wrongful exercise of a discretionary power conferred upon him by the corporation, they were liable; but that the conductor would have a right to remove a passenger who refused to pay his fare, if there was a rule or regulation of the corporation to that effect. Nor is it a ground of exception, unless taken at the trial, that the judge omitted to instruct the jury that the conductor had a right to remove the plaintiff, if intoxicated or using profane language.

ACTION OF TORT against the Fitchburg Railroad Corporation and James F. Munroe, for an assault and false imprisonment.

At the trial in the court of common pleas, the plaintiff introduced evidence tending to show that he purchased a ticket for a passage from Boston to Clinton, and after the cars left Boston gave up his ticket to some person in the employment of the corporation on the cars; that Munroe, being the conductor, afterwards called on him for his ticket; and upon being informed that he had given it up, doubted the fact, and informed him that if he did not pay his fare or give up his ticket, he must leave the cars; that the plaintiff refused to do either, on the ground that he had already given up his ticket; whereupon Munroe, with the assistance of other servants of the corporation, forcibly put him out of the cars.

The defendants introduced evidence tending to show that no person authorized to receive tickets from passengers received any ticket from the plaintiff on his way to Clinton; that when Munroe demanded of the plaintiff his ticket or payment of his fare, he refused, saying that he had already given up his ticket, and that there was not force enough to put him out; that Munroe, in putting the plaintiff out, used no more force than was

necessary; that the plaintiff was intoxicated at the time, and used profane and loud talk; that it was the custom on this road for conductors to put passengers out of the cars, who refused to pay their fare or give up their tickets; and that this custom was known and approved by the officers of the company.

The defendants contended that the railroad company were not liable in this action for the conduct of Munroe, the conductor.

But *Briggs,* J. instructed the jury that if the conductor, in putting the plaintiff out of the cars, acted by the direction and authority of the company, it was the act of the company as well as of the conductor, and they would be liable with him; that if the company directed and authorized the conductor to put out of the cars passengers who had not paid their fare, and he put out passengers who had paid their fare, the company would not be responsible or liable for his acts; that if the company gave the conductor the power to act according to his discretion in all such cases as should arise, and in the exercise of that discretion he wrongfully exercised the power or removed a passenger, it would be the act of the company, and they would be liable for it; and that, if it was a regulation or rule of the company for the conductors to remove passengers who refused to pay their fare or give up their tickets, the conductors would have a right to remove a passenger for such a cause.

The jury returned a verdict against the corporation for $308, and a verdict in favor of the conductor. The corporation alleged exceptions.

*H. C. Hutchins,* for the corporation. It has been held that an action will not lie against a corporation for an assault. 1 Bl. Com. 476. *Orr* v. *Bank of United States,* 1 Ohio, 36. But the law seems to be now settled otherwise. *Eastern Counties Railway* v. *Broom,* 6 Exch. 314. *Riddle* v. *Locks & Canals,* 7 Mass. 169. *Thayer* v. *Boston,* 19 Pick. 511. Angell & Ames on Corp. §§ 388, 389. Still, if the corporation can be liable to such an action, and liable jointly with their servant, they are liable only through his act, and cannot be liable for an act of which he has been acquitted.

At common law, trespass, and not case, must have been

brought against this corporation for the act complained of; for they cannot be said to have commanded the specific assault; but merely had rules or regulations which were enforced by the conductor. *Sharrod* v. *London & Northwestern Railway*, 4 Exch. 580. Smith on Master & Servant, 172–180. The conductor and the corporation could not therefore have been joined —the form of action against one being trespass, against the other, case. 1 Chit. Pl. (6th Amer. ed.) 231. *Cooper* v. *Bissell*, 16 Johns. 146. The *St.* of 1839, *c.* 151, § 4, only authorizes the bringing of case instead of trespass; and the *St.* of 1852, *c.* 312, § 1, substitutes tort for both trespass and case; but neither of these statutes authorizes the joining of parties who could not have been joined before.

The ruling that the corporation would be answerable for a wrongful exercise of discretion by their conductor was erroneous. From the last clause of the instructions the jury may well have understood that the company had no right to expel a passenger who refused to pay his fare, unless they had some rule and regulation authorizing it; whereas no such rule or regulation is necessary. Angell on Carriers, § 525. The instructions were also defective in not stating that if the plaintiff was intoxicated or rude, he might, for that cause alone, be removed from the cars.

*B. F. Butler*, for the plaintiff.

THOMAS, J. This is an action of tort, and comes up upon exceptions to the rulings of the presiding judge.

1. It is too well settled for discussion, that an action for a tort may be maintained against a corporation. *Thayer* v. *Boston*, 19 Pick. 511, and cases cited.

2. There is no difficulty in joining the corporation with their servant in the same action. Had there been any difficulty, the verdict has relieved it. With the consistency of the verdict, in charging the one and discharging the other, we have nothing to do, upon these exceptions.

3. The instructions as to the liability of the defendant corporation for the acts of their servant were favorable to the corporation. The only point upon which a doubt might be suggested

would be upon the second clause of the instructions, that if the company authorized the conductor to put out of the cars passengers who had not paid their fare, and he put out persons who had paid their fare, the company would not be responsible for his acts. If a passenger who has paid his fare, and conducts himself well, is removed by the servant of the company, having charge and control of the train, it is difficult to see how the company could escape responsibility for his act. See *Philadelphia & Reading Railroad* v. *Derby*, 14 How. 468.

The want of instructions in relation to the right of the conductor to remove the plaintiff, if intoxicated, or using profane language, is not the subject of exception. We cannot presume that proper instructions were not given. If the defendants desired specific instructions upon this point, they should have made their request to the presiding judge, and, if he refused, excepted to such refusal. *Exceptions overruled.*